IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEOV KEO, | : | |
| Petitioner | : | |
| | : | No. 1:20-cv-01984 |
| v. | : | |
| | : | (Judge Kane) |
| WARDEN CLAIR DOLL, | : | |
| Respondent | : | |

## MEMORANDUM

On October 27, 2020, pro se Petitioner Peov Keo ("Petitioner"), who is currently confined at the York County Prison in York, Pennsylvania, initiated the above-captioned action pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his detention by the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Following an Order to show cause (Doc. No. 3), Respondent filed a response, contending that Petitioner's detention is lawful (Doc. No. 6). Petitioner filed a traverse on November 30, 2020. (Doc. No. 7.) Accordingly, Petitioner's § 2241 petition is ripe for disposition.

## I. BACKGROUND

Petitioner is a native of Thailand and a citizen of Cambodia who entered the United States at Chicago, Illinois on June 10, 1982, as a refugee. (Doc. No. 6-1 at 3-4, 8.) On September 27, 1988, Petitioner's status was adjusted to that of lawful permanent resident, effective as of June 10, 1982. (Id. at 3-4, 8.) On October 7, 2002, Petitioner was convicted of Terroristic Threats, Unlawful Restraint, and Simple Assault in Philadelphia, Pennsylvania, and was sentenced to five (5) years' probation. (Id. at 4, 8.) On February 6, 2004, Petitioner was convicted in the Court of Common Pleas for Philadelphia of Manufacture/Delivery of Heroin, Possession of Heroin, Use of a Communication Facility, and Resisting Arrest and was sentenced

to two (2) to four (4) years' incarceration.  (Id. at 4, 8.)  On July 13, 2006, Petitioner was

convicted in the Court of Common Pleas for Philadelphia of Aggravated Assault, for which he

was sentenced to 78 to 156 months' incarceration; Criminal Attempt to Commit Sexual Assault,

for which he was sentenced to sixty (60) to 120 months' incarceration; and Criminal Trespass,

for which he was sentenced to fifteen (15) to thirty (30) months' incarceration.  (Id. at 4, 8.)

On April 1, 2010, ICE issued a Notice to Appear, charging Petitioner with being

removable pursuant to the following sections of the Immigration and Nationality Act ("INA"):

(1) section 237(a)(2)(A)(ii) for being convicted of two (2) crimes involving moral turpitude not

arising out of a single scheme of criminal misconduct; (2) section 237(a)(2)(A)(iii) for being

convicted of an aggravated felony relating to murder, rape, or sexual abuse of a minor; (3)

section 237(a)(2)(A)(iii) for being convicted of an aggravated felony relating to the illicit

trafficking of a controlled substance; and (4) section 237(a)(2)(B)(i) for being convicted of a

violation of any law or regulation relating to a controlled substance, other than a single offense

involving possession for one's own use of thirty (30) grams or less of marijuana.  (Id. at 6-9.)

On December 15, 2010, an immigration judge ordered Petitioner removed to Cambodia or,

alternatively, Thailand.  (Id. at 13.)  Petitioner did not appeal this decision to the Board of

Immigration Appeals ("BIA"); therefore, his order of removal became final on January 14, 2011.

(Id. at 11.)

Petitioner has been in ICE custody since March 31, 2020, when he was released/paroled

from the State Correctional Institution in Coal Township, Pennsylvania.  (Id. at 10.)  The

Pennsylvania Board of Probation and Parole ("PBPP") paroled Petitioner only so that he could

answer ICE's deportation order.  (Id.)  Petitioner's term of parole expires on October 30, 2030.

(Id.)  Accordingly, if Petitioner is not removed from the United States, the PBPP will issue an

arrest warrant and assume custody of him again.  (Id.)  In that case, the PBPP would return him
to the Pennsylvania Department of Corrections to finish serving his sentence because Petitioner
will not be released on parole in Pennsylvania.  (Id. at 10-11.)

The Embassy of Cambodia regularly cooperates with ICE and its Enforcement and
Removal Operations ("ERO") and issues travel documents "on a regular basis."  (Id. at 11.)
Ever since the entry of Petitioner's removal order, ERO has "taken steps to execute that order."
(Id.)  On April 26, 2020, ERO mailed a travel document request package to the Embassy of
Cambodia.  (Id.)  ERO also requested assistance in obtaining a travel document from Removal
and International Operations ("RIO").  (Id.)  In April of 2020, the Consulate of Cambodia
indicated that it must interview Petitioner before issuing a travel document.  (Id.)  However,
interviews have been postponed due to the COVID-19 pandemic.  (Id.)  ERO and/or RIO have
followed up with the Consulate of Cambodia on at least four (4) occasions to schedule
Petitioner's interview.  (Id. at 11-12.)  "It is anticipated that the Consulate of Cambodia will
resume scheduling consular interviews in the reasonably foreseeable future."  (Id. at 12.)  In the
meantime, ICE/ERO has regularly reviewed Petitioner's custody status.  (Id.)  On July 6, 2020,
ICE/ERO continued Petitioner's detention on the basis that his "criminal history supports the
conclusion that he poses a danger to society and/or risk of flight and on the expectation that his
removal will be in the reasonabl[y] foreseeable future."  (Id.)  ICE anticipates that Petitioner's
removal would "occur quickly once a travel document has been obtained."  (Id.)

Petitioner filed the instant § 2241 petition on October 27, 2020.  (Doc. No. 1.)  In his
§ 2241 petition, Petitioner asserts that his continued detention violates the Fifth Amendment's
Due Process Clause as well as the INA.  (Id. at 6-7.)  As relief, Petitioner requests that the Court

assume jurisdiction, schedule an individualized bond hearing, and direct his release on parole or "reasonable conditions of supervision."  (Id. at 8.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989).  Because Petitioner is currently detained within the jurisdiction of this Court and asserts that his continued detention violates due process, this Court has jurisdiction over his § 2241 petition.  See Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Spencer v. Kemna, 523 U.S. 1, 7 (1998).

## III.    DISCUSSION

In the instant case, the parties do not dispute that Petitioner is currently detained pursuant to 8 U.S.C. § 1231(a), which provides for the detention of individuals who are subject to a final order of removal.  See 8 U.S.C. § 1231(a).  That section provides that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."  See 8 U.S.C. § 1231(a)(1)(A).  During this ninety (90)-day period, "the Attorney General shall detain the alien.  Under no circumstance during the removal period shall the Attorney General release an alien who has been found . . . deportable under section 1227(a)(2)."  See id. § 1231(a)(2).  After the ninety (90)-day period expires, the alien's detention may continue, or he may be released on supervision.  See id. § 1231(a)(3), (6).

The Supreme Court has concluded, however, that § 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States.  It does not permit indefinite detention."  See Zadvydas, 533 U.S. at 698.  Thus,

4

"[o]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  See id. at 699.  To establish a uniform baseline, the Supreme Court concluded that a period of six (6) months is a "presumptively reasonable period of detention."  See id. at 701. Moreover, the United States Court of Appeals for the Third Circuit has concluded that "an alien detained under § 1231(a)(6) is generally entitled to a bond hearing after six months (i.e., 180 days) of custody."  See Guerrero-Sanchez v. Warden York County Prison, 905 F.3d 208, 226 (3d Cir. 2018).  Following such a hearing, the alien "is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community." See id. at 224 (quoting Diouf v. Napolitano, 634 F.3d 1081, 1092 (9th Cir. 2011)).  "The Government must meet its burden in such bond hearings by clear and convincing evidence."  See id. at 224 n.12.

Petitioner has been detained pursuant to § 1231(a) since March 31, 2020, when he was paroled from the custody of the Pennsylvania Department of Corrections and taken into ICE custody.  As of the date of this Memorandum, therefore, Petitioner has been detained for over eight (8) months, which is beyond the presumptively reasonable six (6)-month period set forth in Zadvydas and Guerrero-Sanchez.  In his § 2241 petition, Petitioner suggests that his detention has become unreasonable.  (Doc. No. 1 at 6-7.)  Respondent maintains that Petitioner has not demonstrated that there is no significant likelihood of removal because Cambodia is "expected to resume interviews and issuance of travel documents in the reasonably foreseeable future."  (Doc. No. 6 at 7.)  Respondent further indicates that Petitioner is not "imminently scheduled to be released on an Order of Supervision or removed," and, therefore, should Petitioner "request a Guerrero-Sanchez bond hearing, he will receive one."  (Id. at 8.)  In his reply brief, Petitioner asserts that his removal is not likely to occur in the reasonably foreseeable future because

Cambodia is refusing to schedule interviews and issue travel documents because of the COVID-19 pandemic.  (Doc. No. 7 at 1-2.)

As noted <u>supra</u>, an alien detained pursuant to § 1231(a) is "generally entitled to a bond hearing after six months (i.e., 180 days) of custody."  <u>See</u> <u>Guerrero-Sanchez</u>, 905 F.3d at 226.  After such hearing, the alien is entitled to release unless the Government establishes that the alien poses a flight risk or a danger to the community.  <u>See</u> <u>id.</u> at 224.  However, "[i]f the 180-day threshold has been crossed, but the alien's release or removal is imminent . . . [then] the government [is not] required to afford the alien a [bond] hearing before an immigration judge."  <u>See</u> <u>id.</u> at 226 n.15.  As noted <u>supra</u>, Petitioner has been in ICE custody for over eight (8) months, and Respondent asserts that Petitioner is not "imminently scheduled to be released on an Order of Supervision or removed."  (Doc. No. 6 at 8.)  Moreover, there is nothing in the record before the Court suggesting that Petitioner has requested a <u>Guerrero-Sanchez</u> bond hearing or has been provided such a hearing before an immigration judge.  Accordingly, recognizing that Petitioner has reached the point in his detention where he is entitled to a <u>Guerrero-Sanchez</u> hearing, the Court will, in an abundance of caution, grant his § 2241 petition to the extent that Respondent will be directed to afford Petitioner a <u>Guerrero-Sanchez</u> bond hearing before an immigration judge within twenty-one (21) days.[1]

---

[1] As noted above, Petitioner also appears to seek release pursuant to <u>Zadvydas</u> because his removal is not reasonably foreseeable.  Petitioner, however, presents no evidence to support this assertion.  Without any facts or evidence beyond conclusory allegations to support his <u>Zadvydas</u> claim, the Court will not grant relief on this ground.  Petitioner, however, remains free to file a new § 2241 petition challenging his detention should he remain detained after he has exhausted his administrative remedies with respect to his <u>Guerrero-Sanchez</u> bond hearing and may raise his <u>Zadvydas</u> claim again at that time.

**IV.** **CONCLUSION**

For the foregoing reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) to the extent that Respondent will be directed to afford Petitioner a Guerrero-Sanchez bond hearing before an immigration judge within twenty-one (21) days.  An appropriate Order follows.